## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Bryant Matthew Parker,** | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )　　**1:20cv807 (AJT/MSN)** |
| | ) |
| **Director, Virginia Dep't of Corrections** | ) |
| **Respondent.** | ) |

### MEMORANDUM OPINION

Bryant Matthew Parker has filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, challenging his conviction and sentence for malicious wounding, Va. Code § 18.2-51,

entered in the Circuit Court of Loudoun County, Virginia. Dkt. No. 1. Respondent has filed a

Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Dkt. Nos. 19–22. Parker,

who is proceeding pro se, has received the notice required by Local Rule 7(K) and Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), Dkt. No. 23, and he opposes respondent's motion, Dkt.

No. 32. Because the state court rulings were not contrary to, or an unreasonable application of,

clearly established law, as determined by the Supreme Court of the United States, or based on an

unreasonable determination of the facts in light of the evidence presented, the § 2254 petition

will be dismissed.

### I. Procedural History

Parker pleaded guilty to one count of malicious wounding for stabbing his estranged wife

twice after spending a night in her home. Resp't Ex. 17, 18. Before pleading guilty on September

4, 2012, Parker was evaluated by Dr. Deem, from Loudoun County Mental Health, who found

that Parker was competent. Resp't Ex. 2, at p. 8. Before sentencing, as well, Parker was

evaluated by another mental health professional, Dr. Rachel Schuchart, and her report was

submitted to the sentencing court. Id. at pp. 2, 8. On October 4, 2013, the circuit judge imposed a sentence of twenty years' imprisonment, with four years suspended, and entered final judgment. Resp't Ex. 1. The trial court stayed Parker's transfer to the Virginia Department of Corrections for ninety days. Id. Parker did not initially file a direct appeal. Resp't Ex. 5.

Parker filed a petition for a writ of habeas corpus in the Circuit Court of Loudoun County on July 31, 2014. Resp't Ex. 2. He raised the following six claims:

> 1. The Court, in violation of the 8th Amendment protection against cruel and unusual punishment, abused its discretion in sentencing Parker to an active sentence of 16 years.
>
> 2. Denial of Due Process when the prosecutor failed to prove his guilt.
>
> 3. Prosecutorial Misconduct in the prosecutor threatening, coercing, and intimidating Parker into entering a guilty plea.
>
> 4. Ineffective assistance of counsel (Michael Harrington) for failing to impeach the testimony of attending physician, Dr. Basiouny, at sentencing.
>
> 5. Ineffective assistance of counsel (Michael Harrington) for failing to impeach the testimony of victim, Joyce Sowa, at sentencing.
>
> 6. Ineffective assistance of counsel (Michael Harrington) for failing to present mitigating evidence to show that Parker suffered from diminished mental capacity at the time of the offense.

Id.

On August 20, 2014, without leave from the circuit court, Parker filed an amendment to the petition to add the following two claims of ineffective assistance of counsel:

> 7. (a) Ineffective assistance of counsel (Michael Harrington) for abandoning Parker by failing to file his petition for appeal; and (b) ineffective assistance of counsel (Chung Oh) for abandoning Parker by failing to file "any paperwork necessary" for post-conviction relief.

Id. (internal footnotes omitted).

On September 19, 2014, without leave from the circuit court, Parker filed a second

amendment to the petition to add the following five claims of ineffective assistance of counsel:

> 8. (a) Ineffective assistance of counsel (Robert Vernail and Thomas Mulrine) for
> failing to follow Parker's instructions; (b) ineffective assistance of counsel
> (Robert Vernail) for failing to investigate various aspects of the crime;
> (c) ineffective assistance of counsel (Robert Vernail) for advising Parker to accept
> an open-ended plea agreement without informing him about the possibility of
> geriatric parole and a diminished capacity defense; (d) ineffective assistance of
> counsel (Robert Vernail) for allowing the introduction of the Victim Impact
> Statement after a plea agreement was reached; and (e) ineffective assistance of
> counsel (Robert Vernail) for failing to move to withdraw Parker's plea.

Id.

On December 10, 2014, without leave from the circuit court, Parker filed a third

amendment to his petition to add the following twelve claims:

> 8. (f) the Commonwealth and Court did not seek the "ends of justice," denied a
> showing of "manifest injustice," and carried out acts resulting in a "manifest
> injustice;" (g) the Commonwealth violated Parker's right to a timely mental
> health evaluation after his arrest; (h) the Court failed to inquire whether Parker
> had stopped taking his medications when he entered his guilty plea; (i) the Court
> failed to inquire about his state of mind at the time of the offense; (j) the
> Commonwealth coerced Parker's guilty plea by intimidation and threats to punish
> him with a greater crime; (k) Parker's guilty plea was not knowing and voluntary;
> (l) the Commonwealth did not prove all of the elements of the crime; (m) the
> Commonwealth's witness was not credible; (n) Parker's guilty plea was the result
> of prosecutorial vindictiveness in response to his desire to exercise his right to a
> jury trial; (o) the trial judge was biased against Parker; (p) Parker's sentence was
> so grossly disproportionate to the degree of his offense that it constitutes cruel and
> unusual punishment and a manifest injustice; (q) the clerk's office refused to
> provide Parker with his court documents.

Id.

The circuit court granted Parker leave to amend the petition on February 24, 2015, and

deemed filed the claims contained in the three motions to amend. Resp't Ex. 6, at p. 2. Through

that order the circuit court also appointed David Hargett as counsel to represent Parker. Id.

3

Respondent ultimately moved the circuit court to grant Parker relief on claim 7(a), "admit[ting] that Parker was not allowed to exhaust his appellate remedies for reasons not attributable to him." Resp't Ex. 5. The circuit court then ordered respondent to petition the Court of Appeals of Virginia for Parker to seek a delayed appeal from the criminal judgment. Resp't Ex. 6. The Court of Appeals of Virginia granted Parker leave to apply for an appeal on May 19, 2016. Resp't Ex. 7.

On appeal Parker argued that the trial court erred by accepting his guilty plea and by imposing an active sentence exceeding the guidelines recommendation. Resp't Ex. 14. The Court of Appeals of Virginia rejected Parker's claims on September 25, 2017. Id. For the claim challenging Parker's guilty plea, the appellate court concluded it was barred under Virginia Supreme Court Rule 5A:18, which prohibits appellate claims for which no contemporaneous objection was made in the trial court. Id. The appellate court also denied Parker's claim related to his sentence, concluding that the circuit court did not abuse its discretion. Id. A three-judge panel for the Court of Appeals of Virginia denied Parker's petition for review on November 30, 2017. Rep't Ex. 15. The Supreme Court of Virginia refused Parker's petition for appeal on July 18, 2018. Resp't Ex. 16.

After the Virginia Court of Appeals rejected his direct appeal, Parker—who still had appointed counsel—moved pro se, and without leave of the court, to amend his state habeas petition for a fourth time on May 29, 2018, and raised the following three new claims:

> 9. Ineffective assistance of counsel (Michael Harrington) for failing to move to withdraw Parker's guilty plea as Parker requested;

> 10. Denial of due process rights under the 5th, 6th, and 14th Amendments in that this Court accepted Parker's guilty plea even though it was not knowing, voluntary, and intelligent;

4

11. Denial of due process and equal protection rights under the 14th Amendment in that this Court abused its discretion by ignoring mitigating evidence and committing a mistake of law at sentencing.

Resp't Ex. 2.

Parker, pro se, filed a fifth motion to amend his petition without leave from the court on January 14, 2019, seeking to add the following two claims:

12.  Denial of due process rights under the 14th Amendment in that this Court ordered payment of restitution without proper notice.

13.  Denial of due process rights under the 14th Amendment in that this Court allowed prosecutorial misconduct and abuse of discretion.

Id.

The circuit court denied Parker's fourth and fifth motions seeking to amend the state habeas petition. Id. The circuit court concluded that the claims raised in these motions all could have, and should have, been brought in 2014, when Parker filed his initial petition and first three motions to amend. Id.

For the claims properly before the circuit court, each claim was denied on March 13, 2019. Id. Several claims were dismissed as inappropriate for review in habeas proceedings. Id. The claims of ineffective assistance of counsel were dismissed on the ground that Parker could not meet his burden under Strickland v. Washington, 466 U.S. 668 (1984). Id.

On June 12, 2019, Parker, who no longer retained appointed counsel, petitioned the Supreme Court of Virginia to review the circuit court's order, in which he raised the following ten claims:

I.    The Circuit Court of Loudoun County erred when it dismissed and denied Mr. Bryant Matthew Parker's writ of habeas corpus based on the trial court's acceptance of a guilty plea that was not knowing, voluntary, or intelligent in violation of the 5th, 6th, and 14th Amendments to the United States Constitution;

5

II.    The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's writ of habeas corpus when it found that the court did not abuse its discretion by ignoring mitigation and evidence relating to Parker's mental health history and background;

III.   The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's writ of habeas corpus by finding that Mr. Robert Vernail rendered effective assistance of counsel prior to and during and following Mr. Parker's plea colloquy;

IV.    The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's writ of habeas corpus when it found that Mr. Michal Harrington rendered effective assistance of counsel prior to, during, and following Mr. Parker's sentencing hearing.

   a. Counsel did not investigate Mr. Parker's case;

   b. Counsel did not discuss any sentencing strategy and did not discuss any mitigation evidence;

   c. Counsel did not deliver or discuss the pre-sentence report, nor did he review the victim impact statement with Mr. Parker;

   d. Counsel did not prepare Mr. Parker to testify;

   e. Counsel only met with Mr. Parker briefly for 1 time from late July 2013 to 9-30-13 and reviewed nothing;

   f. Counsel did not motion the trial court for an expert witness to testify concerning Mr. Parker's mitigating mental health issues;

   g. Counsel did not contact . . . 20 or so witnesses he gave to Mr. Harrington;

   h. Counsel did not object to Ms. Sowa-Parker's illegal victim impact statement of asking . . . to sentence Mr. Parker to 20 years in prison . . . ;

   i. Counsel did not object to the prosecutions request for restitution, although he did say on the record that he knew nothing about restitution;

   j. Mr. Harrington abandoned him during a critical stage in the proceedings;

V.     The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's writ of habeas corpus by finding that Mr. David B. Hargett rendered effective assistance of counsel during the four (4) year period Mr. Hargett was assigned to assist Mr. Parker in his habeas proceedings;

VI.    The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's fourth and fifth motions to amend[] his original writ of habeas corpus by finding that the

6

trial court did not abuse its discretion, applying an improper application of Rule 1.8 of the Supreme Court of Virginia;

VII.    The Circuit Court of Loudoun County erred in finding that the trial court did not abuse its discretion in ordering and imposing a $25,000.00 payment of restitution to USAA Insurance Company in subrogation of a property damage claim submitted by Joyce Irene Sowa, the alleged victim;

VIII.   The Virginia Court of Appeals erred when it did not rule, therefore finding that the trial court in Loudoun County did not abuse its discretion by allowing prohibited and improper victim impact testimony during the sentencing hearing;

IX.     The Circuit Court of Loudoun County erred by finding that the trial court did not abuse its discretion when the trial court during the sentencing hearing without proper authority, qualifications, or expert witness testimony challenged the testimony of the defendant and ruled that the actions of the defendant were not the result of a psychotic act;

X.      The Circuit Court of Loudoun County erred by finding that the prosecution did not commit prosecutorial misconduct during the plea and sentencing phase of Mr. Parker's criminal court proceedings.

Resp't Ex. 11.

Parker filed a corrected petition for appeal in the Supreme Court of Virginia on August

26, 2019, in which he raised the following six claims:

I.      The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's writ of habeas corpus in finding that Mr. Parker's plea was knowing, voluntary, and intelligent and not in violation of the elements of a proper plea as defined by the 5th, 6th, 8th, and 14th Amendments to the United States Constitution;

II.     The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's writ of habeas corpus by finding that the trial court during the plea and sentencing phases did not abuse its discretion by ignoring mitigation relating to Mr. Parker's mental health history and background imposing an active sentence of sixteen (16) years of incarceration upon Mr. Parker;

III.    The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's writ of habeas corpus by finding that counsel during the guilt phase, Mr. Robert Vernail, rendered effective assistance of counsel, prior to, during, and following Mr. Parker's plea colloquy on September 4, 2012;

IV.     The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's writ of habeas corpus by finding that counsel during the penalty (sentencing phase),

7

Mr. Michael Harrington rendered effective assistance of counsel prior to, during, and following the sentencing hearing on September 30, 2013 and October 1, 2013;

V.   The Circuit Court of Loudoun County erred when it denied and dismissed Mr. Parker's leave to amend his writ of habeas corpus for the fourth time on May 29, 2018 and fifth time on January 14, 2019; and

VI.   The Circuit Court of Loudoun County erred when it dismissed and denied Mr. Parker's writ of habeas corpus by finding that Mr. Parker delayed his habeas petition for four (4) years and that Mr. Parker litigated the writ and its amendment on his own pro se while being represented by counsel, Mr. David Hargett.

Resp't Ex. 12.

The Supreme Court of Virginia refused the petition for appeal in a summary order that did

not specify whether it considered the original petition for review, the corrected petition, or both.

Resp't Ex. 13.

## II. The § 2254 Petition

Parker raises seven grounds for relief in his petition for a writ of habeas corpus under 28

U.S.C. § 2254:

I. Mr. Parker was denied his rights under the 6th and 8th Amendments to the Constitution of the United States when the trial court abused its discretion by imposing an active sentence of sixteen (16) years upon Bryant Matthew Parker, ignoring mitigation evidence relating to his mental health history and background. Furthermore, in imposing this sentence the trial court improperly penalized him for pleading to a reduced sentence;

II. The trial court violated the 5th, 6th, and 14th Amendments to the United States Constitution when it accepted a guilty plea from Bryant Matthew Parker that was not knowing, voluntary, and intelligent;

III. The trial court during the sentencing hearing allowed inadmissible victim impact testimony in violation of the 8th Amendment to the Constitution of the United States;

IV. The trial court violated the 5th, 6th, 8th, and 14th Amendments to the Constitution of the United States, when, at the end of the sentencing hearing it ordered Mr. Parker to pay restitution to an insurance company;

8

V. Trial counsel during the plea stage of Mr. Parker's criminal case violated the 6th Amendment to the Constitution by rendering ineffective assistance of counsel when he failed to discover, present, and provide a defense based on Mr. Parker's mental health condition, before advising him to plead guilty;

VI. Trial counsel, Michael Harrington, rendered ineffective assistance of counsel during the sentencing phase of Mr. Parker's criminal proceeding in violation of the Sixth Amendment to the United States Constitution:

> A. Trial counsel failed to investigate and properly present mitigating evidence at sentencing hearing;
>
> B. Trial counsel failed to file a motion to withdraw the plea agreement as requested and agreed upon;
>
> C. Trial counsel failed to preserve Mr. Parker's right to confrontation when he did not call the psychologist that prepared an evaluation in support of his mental health mitigating evidence;
>
> D. Trial counsel abandoned Mr. Parker's case during a stay order and a critical phase of Mr. Parker's criminal prosecution; and

VII. David Hargett, assigned to assist Mr. Parker with his habeas petition, charging ineffective assistance of trial counsel Vernail and Harrington, rendered ineffective assistance during an initial-review collateral proceeding in violation of the Sixth and Fourteenth Amendments to the Constitution of the Unites States.

Dkt. No. 1.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) bars this Court from granting a § 2554 petition unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b); see Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015). Each federal claim must have been fairly presented to each appropriate state court in a manner that "alerts[s] that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017). If a petitioner fails to present a claim to each available state court, the claim is still considered exhausted if, at the time the federal petition is considered, the claim would be procedurally barred from review in state court. Gray v.

Netherland, 518 U.S. 152, 161 (1996 ). Still, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," providing yet another hurdle to review. Id. at 162. In that case, the Court may reach the merits of the defaulted claim only if the petitioner shows (1) cause for the default and resulting prejudice, or (2) that the failure to evaluate the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006).

If a state court has adjudicated a petitioner's claim on the merits, a federal court may grant a petition for a writ of habeas corpus under § 2254 only if the state court proceedings (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When § 2254(d) applies, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Virginia v. LeBlanc, 137 S. Ct. 1726, 1728 (2017) (internal quotation marks and citation omitted). In conducting its review, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). It is presumed that the unexplained decision was decided on the merits, but that presumption is rebuttable. Harrington v. Richter, 562 U.S. 86, 99–100 (2011).

For claims of ineffective assistance of counsel, a petitioner "must prove that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that any such deficiency was 'prejudicial to the defense.'" Garza v. Idaho, 139 S. Ct. 738, 744 (2019) (quoting

Strickland, 466 U.S. at 687–88, 692). When a Strickland claim has been reviewed on the merits

by a state court, this Court's review is doubly deferential because it "defer[s] to the state court's

judgment, and under clearly established Supreme Court precedent, the state court defers to

counsel's presumptive 'sound trial strategy.'" Morva v. Zook, 821 F.3d 517, 528 (4th Cir. 2016)

(quoting Strickland, 466 U.S. at 689). Accordingly, when § 2254(d) applies to a Strickland

claim, "the question is not whether counsel's actions were reasonable. The question is whether

there is any reasonable argument that counsel satisfied Strickland's deferential standard."

Harrington, 562 U.S. at 105.

## IV. Analysis

### A) Ground I

In ground I Parker contends that the sentence imposed violates his rights under the Sixth

and Eighth Amendments because, in his view, the trial judge ignored mitigating evidence related

to his mental health and background and also penalized him for pleading to a reduced sentence.

Respondent argues that this claim is exhausted but procedurally defaulted because the circuit

court dismissed this habeas claim on an independent and adequate state law ground.

Invoking Morrisette v. Warden of Sussex I State Prison, 613 S.E.2d 551 (Va. 2005),

which relies on Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), the circuit court first observed

that a petition for habeas corpus "is not the forum to address issues that could have been

addressed at trial or on appeal." Resp't Ex. 2, at p. 8.

> "A prisoner is not entitled to use habeas corpus to circumvent the trial and
> appellate processes for an inquiry into an alleged non-jurisdictional defect of a
> judgment of conviction . . . . Thus, when an issue of an alleged constitutional
> defect could have been raised and adjudicated at trial and upon appeal . . . a
> petitioner lacks standing to raise the claim in a petition for writ of habeas corpus."
> Morrisette at [553] (internal citations omitted).

.

11

Id. Next, the circuit court found that Parker's claim "challenges the length of his sentence and alleges it is cruel and unusual punishment and an abuse of the Court's discretion. This is clearly an appellate issue as the Virginia Court of Appeals considered the issue in the context of Parker's appeal," and dismissed the claim on that ground. Id.

Virginia's Slayton rule is an independent and adequate state law ground, barring this Court's review of ground I. See Prieto v. Zook, 791 F.3d 465, 468–69 (4th Cir. 2015). Parker protests, arguing that the circuit court should not have applied Slayton because he did, in fact, raise this particular challenge to his sentence on direct appeal, but the appellate court misconstrued his claim. Dkt. No. 32, Pet'r Opp'n to Mot. to Dismiss, at pp. 63–67. Even if true, "[a] federal habeas court does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." See Woodfolk v. Maynard, 857 F.3d 531, 543 (4th Cir. 2017) (internal quotation marks and citations omitted). Because the Slayton rule is an independent and adequate state procedural bar, and Parker presents no argument to excuse the procedural default, the Court is without authority to review the underlying constitutional claim. See Wright v. Angelone, 151 F.3d 151, 159–60 (4th Cir. 1998) (concluding that federal court could not review petitioner's underlying claim rejected under Slayton, even when petitioner argued that postconviction court should not have applied Slayton because his claim had been presented to Supreme Court of Virginia). Ground I therefore must be denied.

### B) Ground II

In ground II Parker contends that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights by accepting his guilty plea when it was not made knowingly, voluntarily, and intelligently. Respondent argues that this claim is exhausted but procedurally defaulted

because the Virginia Court of Appeals dismissed the claim on an independent and adequate state-law ground.

The Court of Appeals of Virginia concluded that Parker's claim that the trial court erred by accepting his guilty plea was procedurally barred under Virginia Supreme Court Rule 5A:18, which requires states that "a specific argument must be made to the trial court at the appropriate time, or the allegations of error will not be considered on appeal." Resp't Ex. 14, at p. 1.

> Appellant never objected to the trial court's acceptance of his plea. He did not file a motion to withdraw his plea of guilty as provided by Code § 19.2-296. A motion to withdraw a guilty plea gives the trial court an opportunity to evaluate the accused's explanation of why he did or did not voluntarily and intelligently enter the plea. If appellant filed such a motion, the trial court could have evaluated whether appellant misunderstood the consequences of his plea.
> The trial judge gave appellant several opportunities to speak before finding appellant guilty. At no time did appellant attempt to withdraw his plea or argue to the trial court that his plea was not knowing and intelligent. Appellant had a choice between bringing this issue to the attention of the trial court, while it still retained jurisdiction to set aside appellant's conviction, and raising this issue on appeal. Appellant chose the latter, and in doing so failed to preserve the issue on appeal.
> Thus, by not raising this issue below and by not giving the trial court an opportunity to rule, appellant is procedurally barred from raising this issue for the first time appeal.

Id. at p. 3. The appellate court further concluded that "[t]he record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18." Id. at p. 4.

When an appellate claim is barred under Rule 5A:18, it is procedurally barred in federal court because that rule is an independent and adequate state-law ground. See Makdessi v. Watson, 682 F. Supp. 2d 633, 650 (E.D. Va. 2010). Parker urges the Court to excuse the procedural default because "his plea counsel, Mr. Vernail . . . was in the position to object to the acceptance of the plea," and "he should have never allowed the plea court to accept the plea." Dkt. No. 32, Pet'r Opp'n to Mot. to Dismiss, at p. 73. Ineffective assistance of trial counsel,

which Parker seems to be asserting here, establishes cause for a procedural default. <u>Murray v.</u>
<u>Carrier</u>, 477 U.S. 478, 488–89 (1986); <u>Prieto</u>, 791 F.3d at 469.

Exhausted claims of ineffective assistance of counsel seeking to show cause for a
procedural default are reviewed under the same highly deferential standard as independent
claims of ineffective assistance. <u>Orbe v. True</u>, 233 F. Supp. 2d 749, 759 (E.D. Va. 2002). Here,
the circuit court rejected Parker's ineffective assistance claim based on Vernail's alleged failure
to move to withdraw Parker's guilty plea.

> Parker's claim 8(e) argues that Mr. Vernail was ineffective for failing to move to
> withdraw Parker's guilty plea after Parker read Ms. Sowa's Victim Impact
> Statement and decided that her statements could be impeached. In order for a
> defendant to withdraw his plea, he must "(i) . . . establish a good-faith basis for
> making the guilty plea and later seeking to withdraw it, and (ii) proffer evidence
> of a reasonable basis for contesting guilt." <u>Williams v. Commonwealth</u>, 59 Va.
> App. 238, 246 (2011) (internal citations omitted). "[T]o warrant withdrawal of a
> guilty plea, the motion must be made in good faith and sustained by proofs [sic].
> This second requirement defeats motions to withdraw which would result in an
> essentially futile trial." <u>Id.</u> At [sic] 249. In <u>Williams</u>, the Court determined that the
> defendant's desire to contest his guilt by challenging the victim's statements was
> insufficient proof. <u>Id.</u> The facts here are similar to <u>Williams</u>; thus, it is unlikely
> that such a motion would have prevailed. As such, there is a presumption under
> <u>Prieto</u> that Mr. Vernail's failure to file the motion was a tactical decision. For
> these reasons, Mr. Parker's claim on this ground is **dismissed**.

Resp't Ex. 2, at p. 12 (internal footnote omitted). Because the circuit court concluded that Parker
had not provided a reason sufficient for a trial court to grant a motion to withdraw a guilty plea
under Virginia law, and "[c]ounsel is not required to engage in the filing of futile motions,"
Parker cannot overcome the procedural default with this assertion of ineffective assistance.
<u>See</u> <u>Moody v. Polk</u>, 408 F.3d 141, 151 (4th Cir. 2005) (quoting <u>Murray v. Maggio</u>, 736 F.2d 279,
283 (5th Cir. 1984)); <u>see also</u> <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 323 (1981) ("It is the
obligation of any lawyer . . . not to clog the courts with frivolous motions."). Thus, ground II
must be denied.

14

## C) Ground III

In ground III Parker argues that during sentencing the trial court violated his rights under the Eighth Amendment by allowing inadmissible victim impact testimony. Respondent argues that this claim is exhausted but procedurally defaulted because the circuit court rejected his attempt to raise that claim in a fourth motion to amend his state habeas petition, and then he did not raise the claim in his petition for appeal to the Supreme Court of Virginia. Moreover, respondent contends, were Parker to try to raise this claim now in state court, he would be barred by Slayton, Virginia's statute of limitations, and Virginia's successive-petition bar.

Parker counters that he raised this issue in his direct appeal and in his habeas proceedings' petition for appeal to the Supreme Court of Virginia. The record reflects this is true. See Rec. No. 1933-16-4, Pet'n for Appeal; Rec. No. 190771, 6/12/19 Writ Br. But in state court Parker did not frame these claims as arising under the Eighth Amendment, and, therefore, he did not fairly present the nature of the constitutional claim to the state courts for review. See Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010) (citing Baldwin v. Reese, 541 U.S. 27, 29 (2004)). In contesting his sentence on appeal Parker made the following argument about victim-impact testimony:

> [T]he trial court made a mistake of law by twice allowing testimony of Ms. Sowa-Parker, requesting that the trial court sentence Mr. Parker to a certain period of incarceration. Victim testimony at sentencing is limited by Virginia Code §§ 19.2-295.3 and 19.2-299.1. Victim testimony can only do the following: "(i) identify the victim, (ii) itemize any economic loss suffered by the victim as a result of the offense, (iii) identify the nature and extent of any physical or psychological injury suffered by the victim as a result of the offense, (iv) detail any change in the victim's personal welfare, lifestyle or familial relationships as a result of the offense, (v) identify any request for psychological or medical services initiated by the victim or the victim's family as a result of the offense, and (vi) provide such other information as the court may require related to the impact of the offense upon the victim. Virginia Code §§ 19.2-295.3, 19.2-299.1. See Juniper v. Commonwealth, 271 Va. 362, 420-21 (2006).

Rec. No. 1933-16-4, Pet'n for Appeal. In his first petition to the Supreme Court of Virginia seeking review of his state habeas petition, Parker again pressed that the trial court abused its discretion in allowing the victim-impact testimony because it was not allowed under Virginia law. Rec. No. 190771, 6/12/19 Writ Br. In neither of these state submissions did Parker contend that the victim-impact testimony violated any federal right, including the Eighth Amendment.

Although technically exhausted because Parker can no longer bring this federal claim in state court, absent cause and prejudice, the procedural bars that technically exhaust the claim provide independent and adequate state-law grounds causing the claim to be procedurally defaulted. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Specifically, the claim would be precluded by Virginia's statute of limitations and bar on successive habeas petitions. See Va. Code § 8.01-654(A)(2) ("A habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."); id. § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."); Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (applying Baker to Virginia procedural bars of statute of limitations and successive petitions). Ground III therefore must be dismissed.

### D) Ground IV

For ground IV, Parker argues that the trial court violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights by ordering him to pay restitution. Respondent contends that this claim is exhausted but procedurally defaulted because Parker sought to add this claim through his fifth motion to amend the petition, but the circuit court did now allow further amendment.

16

Respondent argues again that Parker's claim would now be defaulted under <u>Slayton</u>, the statute of limitations, and the successive-petition bar.

Ground IV is procedurally defaulted and therefore unreviewable. Under Virginia Supreme Court Rule 1:8, amendments to a pleading may be made only with leave from the appropriate court. If leave is not granted, the state court lacks jurisdiction to adjudicate any proposed claim in the motion to amend. <u>See</u> <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994) (citing <u>Mechtensimer v. Wilson</u>, 431 S.E.2d 301, 302 (Va. 1993)). Here, Virginia's statute of limitations and bar on successive habeas petitions, the procedural defaults that provide technical exhaustion despite Parker's failure to comply with Rule 1:8, provide an independent and adequate state-law ground to procedurally bar ground IV from this Court's review. <u>See</u> <u>Baker</u>, 220 F.3d at 288. Because this claim is procedurally defaulted and Parker offers no cause and prejudice to excuse the default, ground IV must be denied.

### E) Ground V

In ground V Parker contends that his lawyer, Robert Vernail, provided constitutionally ineffective assistance because, before advising him to plead guilty, Vernail did not investigate his history of mental health treatment and use that information to form a defense that would negate the intent element of malicious wounding. Had Vernail advised him that he had a defense based on his mental health treatment, Parker continues, he "would have insisted on going to trial." Dkt. No. 1, at p. 32.

The circuit court dismissed this claim.

"Claim 8(c) alleges ineffective assistance of counsel on the part of Mr. Vernail for advising Parker to accept an open-ended plea agreement without informing him about the possibility of . . . a diminished capacity defense. The issues pertaining to Parker's mental status have been explored and Parker himself, in his plea colloquy acknowledged that he discussed possible defenses with his counsel.

> Moreover, we know that Parker's mental status was discussed in light of him submitting to Dr. Deem's examination.

Resp't Ex. 2, at p. 12.

Respondent argues that this claim may be reviewed on the merits but should be denied. Indeed, the circuit court's conclusion was not contrary to, or an unreasonable application of, federal law, nor was it based on an unreasonable determination of fact. First, it was not unreasonable for the Court to find that counsel had, in fact, looked into Parker's mental health history, given that before pleading guilty Parker was examined by two mental health professionals. Second, the circuit court's application of Strickland was not unreasonable or contrary to federal law. In reviewing this Strickland claim, the question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard. Harrington v. Richter, 562 U.S. 86, 105 (2011). As respondent points out, Virginia does not recognize a diminished capacity defense for criminal activity. See Stamper v. Commonwealth, 324 S.E.2d 682, 688 (Va. 1985); Johnson v. Commonwealth, 824 S.E.2d 14, 18 (Va. Ct. App. 2019). Vernail could not have acted ineffectively for failing to advise Parker about a nonexistent defense. Cf. Royal v. Netherland, 4 F. Supp. 2d 540, 556–57 (E.D. Va. 1998) (ruling that counsel was not ineffective for alleged failure to investigate and pursue meritless defenses). Ground V therefore must be denied.

### F) Ground VI(A)

In ground VI(A) Parker asserts that his lawyer during sentencing, Michael Harrington, rendered ineffective assistance of counsel by failing to investigate and present mitigating evidence. Respondent first argues that the portion of the claim related to *presenting* mitigating evidence is exhausted but without merit.

The state court rejected this claim as follows:

18

> Claim 6 alleges that Mr. Harrington was ineffective for failing to present mitigating evidence of Parker's diminished mental capacity at the time of the offense. Not only does this fall within the purview of Mr. Harrington's tactical decisions, the record does not support Parker's contention. The record demonstrates that he was evaluated by not one, but two medical professionals, Dr. Deem and Dr. Schuchart. Their respective reports were submitted to, and considered by, the Court. After considering the reports and Parker's own testimony, the Court found "with respect to the issue of this being purposeful, the reports in this case would suggest that this was not a psychotic act. There's no psychoses involved in this case, where one might be suffering from a mental disease or disorder which caused them to commit the act. That's not the case here. So that's the starting point . . . And in these reports there are things that don't speak very well about you but then there are some things that help the Court understand who you are psychologically." Sent. Tr. 2 70 [sic]. Parker has failed to identify further evidence that could have, or should have been presented, let alone how it would have rendered a substantial likelihood of a different result. Thus, it is clear these issues were put before the Court for consideration and Parker's claim on this ground is **dismissed**.

Resp't Ex. 2, at p. 11.

The circuit court's decision did not unreasonably apply <u>Strickland</u> or the facts to it. The circuit court correctly found that the sentencing court had two psychological reports in hand to evaluate Parker's mental state, and, thus, the record did not support Parker's claim that counsel failed to provide the sentencing court with such material. Moreover, to the extent that Parker claimed that his attorney should have presented additional evidence, the Court reasonably concluded that Parker failed to identify what evidence should have been presented and how it would have changed the result.

Second, respondent observes that the portion of the claim related to *investigating* mitigating evidence was raised for the first time in Parker's first petition for appeal to the Supreme Court of Virginia. Because that court summarily dismissed the petition for appeal, respondent asks the Court to consider that portion of the claim procedurally defaulted or to deny it on the merits.

This portion of Claim VI(A) fails on the merits. "[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996). Parker attempts to proffer evidence by submitting hospital records, which he says document "almost 2 months of treatment for severe depression and acute anxiety." Dkt. No. 32, Pet'r Opp'n to Mot. to Dismiss, at pp. 97, 101. But he does not explain how his past history of depression and anxiety could have provided a successful defense to the crime of malicious wounding. Moreover, the record establishes that Harrington *did* attempt to investigate Parker's psychological history by having Dr. Schuchart evaluate him. Parker's dissatisfaction with that investigation or his desire for counsel to "shop around for a psychiatrist willing to testify to the presence of more elaborate or grave psychological disorders does not constitute ineffective assistance." Poyner v. Murray, 964 F.2d 1404, 1419 (4th Cir. 1992). And though Parker contends that he provided Harrington with a list of dozens of former physicians who treated him in the past, he does not explain what testimony they could have offered that would have been different from Dr. Schuchart's and that it would have provided a favorable defense. Accordingly, ground VI(A) must be denied.

### F) Claim VI(B)

In Claim VI(B) Parker argues that Harrington failed to file a motion to withdraw his guilty plea. Respondent argues that this claim is exhausted but procedurally defaulted because Parker first sought to raise this claim in his fourth motion to amend his habeas petition, which the circuit court denied, and if he tried to bring those claims now, they would be barred by Virginia's statue of limitations and prohibition on successive petitions.

20

The Court agrees. As the court explained earlier, under Virginia Supreme Court Rule 1:8, the state courts lacked jurisdiction to review the claims raised in the denied motion to amend the state habeas petition. See Mallory, 27 F.3d at 995 (4th Cir. 1994). And the procedural defaults that provide exhaustion—the statute of limitations and bar on successive habeas petitions—provide an independent and adequate state law ground to procedurally bar ground VI(B) from this Court's review. See Baker, 220 F.3d at 288.

In an effort to overcome the default, Parker invokes Martinez v. Ryan, 566 U.S. 1 (2012), contending that he received ineffective assistance of counsel from Mr. Hargett, his appointed lawyer during habeas proceedings. Under Martinez, "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding," as Virginia does, "a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland." Id. at 14. But for a federal court to review the claim, the petitioner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.

Parker has not presented a substantial claim of ineffective assistance of counsel. In the § 2254 petition Parker asserts that Harrington "was hired because he had agreed to file a motion for withdrawal of the plea." Dkt. No. 1-1, at p. 7. Further, Parker explains that he initially asked Vernail to withdraw his plea after viewing the victim impact statement, and Parker has not provided a different reason for why he asked Harrington to withdraw his plea. Id., at p. 2. In Virginia a defendant seeking to withdraw a guilty plea before sentencing is required "(i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to

proffer evidence of a reasonable basis for contesting guilt." Williams v. Commonwealth, 717 S.E.2d 837, 840 (Va. Ct. App. 2011). A challenge to victim testimony is insufficient to meet that burden, so a motion filed by Harrington on that ground would have been futile. See id. at 842. Because counsel is not ineffective for failing to file futile motions, see Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005), Parker cannot raise a substantial claim of ineffective assistance under Martinez. Ground VI(B) must be dismissed.

### G) Ground VI(C)

Parker contends in ground VI(C) that Harrington failed to preserve his right to confrontation when he did not call Dr. Schuchart, the psychologist that prepared a mental health evaluation, to testify at sentencing. Respondent correctly argues that this claim is exhausted but procedurally defaulted because Parker did not raise this claim at all in his state habeas proceedings, and he would be barred from doing so now under Virginia's statue of limitations and successive-petition bar.

Parker again contends that Martinez allows him to surpass the bar to review. The Court disagrees. "[T]he right to confrontation does not apply at sentencing." United States v. Umaña, 750 F.3d 320, 346 (4th Cir. 2014). Therefore, Parker cannot raise a substantial claim of ineffective assistance by claiming that his lawyer failed to preserve his right to confrontation at sentencing. Ground VI(C) therefore must be denied.

### H) Ground VI(D)

Parker also claims that Harrington abandoned him during a critical phase of the criminal proceedings. In particular, he argues that during the period after sentencing in which a stay order was in effect, counsel should have filed postconviction motions to contest the sentence imposed. Respondent points out that Parker did not raise this claim until he first petitioned for appeal to

22

the Supreme Court of Virginia, and argues that the Court should view the claim as exhausted and procedurally defaulted or reject it on the merits.

Parker's claim cannot succeed on the merits. To the extent he argues that counsel should have filed postconviction motions, including a motion to reduce his sentence or an appeal, he cannot show prejudice under Strickland. To demonstrate prejudice Parker "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). In other words, Parker must show that his sentence, in fact, would have been reduced had counsel filed postjudgment motions. He has not. Parker does not explain how counsel could have convinced the sentencing judge to reduce his sentence during the short period in which his transfer to the department of correction was stayed. Nor does he explain how a direct appeal filed by Harrington would have resulted in a different outcome than his belated appeal, in which the Virginia Court of Appeals concluded that the trial court did not abuse its discretion in imposing Parker's sentence. Ground VI(D) therefore must be denied.

**I) Ground VII**

Parker's final ground for relief claims that his lawyer appointed to represent him in state habeas proceedings, David Hargett, provided ineffective assistance. Respondent argues that because Parker raised this claim for the first time in his petition for review to the Supreme Court of Virginia, this Court should view the claim as exhausted and reject the claim on the merits or as procedurally defaulted.

This claim fails on the merits. The constitution does not provide a right to counsel in state habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1991). Thus, Parker cannot bring a § 2254 claim arguing that state habeas counsel provided ineffective assistance. Id.; Smith v. Angelone, 111 F.3d 1126, 1133 (4th Cir. 1997). Ground VII therefore must be denied.

## V. Conclusion

For the reasons stated above, and through an Order that will issue alongside this

memorandum opinion, respondent's motion to dismiss will be granted, and Parker's § 2254

petition will be dismissed.


Entered this 3rd day of September 2021.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

24