IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Bryant Matthew Parker,<br>    Petitioner,<br><br>v.<br><br>Director, Virginia Dep't of Corrections<br>    Respondent. | 1:20cv807 (AJT/MSN) |

## MEMORANDUM OPINION & ORDER

Petitioner Bryant Matthew Parker, a Virginia inmate proceeding *pro se*, moves under Federal Rule of Civil Procedure 59(e) for the Court to reconsider its Order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Dkt. No. 41].[1] In particular, he challenges the Court's conclusion that he cannot bring a standalone § 2254 claim based on the deficient performance of his counsel appointed to represent him during his state habeas proceedings. Because Parker has not identified a clear error in the Court's ruling, the motion will be denied.

Parker filed a petition for a writ of habeas corpus on July 15, 2020. [Dkt. No. 1]. The petition raised seven grounds for relief. In a Memorandum Opinion and an Order dated September 3, 2021, the Court denied each claim. [Dkt. Nos. 35–36]. In the Rule 59(e) motion,

---

[1] In the Rule 59(e) motion, Parker identifies the Court's August 17, 2021 Order as the order for which he seeks reconsideration. [Dkt. No. 41]. The only order entered that day is one that denied Parker's motion to reconsider a previous ruling denying a motion to appoint counsel. [Dkt. No. 33]. It is clear from the content of the Rule 59(e) motion, however, that Parker seeks reconsideration of the Court's September 3, 2021 Memorandum Opinion and Order that dismissed the § 2254 petition, given that the motion before the Court only contests that ruling's analysis.

Parker only challenges the Court's resolution of Ground VII, which raised a freestanding claim of ineffective assistance of state habeas counsel:

> David Hargett, assigned to assist Mr. Parker with his habeas petition charging ineffective assistance of trial counsels, Vernail and Harrington, rendered ineffective assistance of counsel when he provided no assistance during an initial review collateral proceeding in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.

[§ 2254 Pet., at p. 44]. The Court denied this claim, reasoning that because the Constitution does not provide a right to counsel in state habeas proceedings, state prisoners, like Parker, cannot bring § 2254 claims arguing that state habeas counsel provided constitutionally ineffective assistance. [Dkt. No. 35].

Parker has timely filed a Rule 59(e) motion to challenge the Court's Order dismissing his § 2254 petition. Granting relief under Rule 59(e) "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 378 (4th Cir. 2012). Accordingly, relief is limited to three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (internal citation omitted). Although Parker does not specify which ground he seeks to invoke, only ground (3) is applicable to the arguments Parker raises.

In the Rule 59(e) motion Parker first argues that the Court misconstrued his claim as one for ineffective assistance of state habeas counsel, when he really was raising a claim for counsel "abandonment." [Dkt. No. 41]. The Court did not clearly err by construing his claim as arguing ineffective assistance when Parker, himself, used that term to describe his claim. In the § 2254 petition he urged that "David Hargett, assigned to assist Mr. Parker with his habeas

petition . . . rendered *ineffective assistance of counsel* when he provided no assistance during an initial review collateral proceeding." [Dkt. No. 1 (emphasis added)].

Moreover, even if the Court had analyzed Parker's claim under a theory of attorney abandonment, that claim would have fared no better. In *United States v. Cronic*, the Supreme Court opined that in certain circumstances, prejudice is presumed in the analysis of an ineffective assistance of counsel claim. 466 U.S. 648, 658–62 (1984); *see also Strickland v. Washington*, 466 U.S. 668, 692 (1984). One instance in which prejudice is presumed is when a petitioner demonstrates a "complete denial of counsel . . . at a critical stage of . . . trial," *Cronic*, 466 U.S. at 659, in other words, when counsel abandons a defendant, *see James v. Harrison*, 389 F.3d 450, 455–56 (4th Cir. 2004). Because counsel abandonment is just one theory for pursuing a claim for ineffective assistance of counsel, analyzing Ground VII under this theory would not have achieved a different result. *See James*, 389 F.3d at 455–56 (observing that "in the years since their issuance, courts and litigants have in shorthand manner distinguished a *Cronic* claim . . . from a *Strickland* claim" but that the only difference between *Strickland* ineffective-assistance claim and *Cronic* abandonment claim is that for the former the petitioner must show prejudice). Parker cannot bring a § 2254 claim for ineffective assistance of state habeas counsel on any ground, including for alleged abandonment.

Parker next argues that claims for ineffective assistance of state habeas counsel should be allowed, nevertheless, when the petitioner claims abandonment. But § 2254 does not allow any exceptions, instructing that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding

3

arising under section 2254." 28 U.S.C. § 2254(i).[2] The Court therefore did not clearly err in denying Ground VII of Parker's § 2254 petition.

Accordingly, it is hereby

ORDERED that petitioner's motion to alter or amend judgment [Dkt. No. 41] be and is DENIED; and it is further

ORDERED that petitioner's motion for post-conviction discovery [Dkt. No. 40] be and is DENIED as moot; and it is further

ORDERED that petitioner's motion for certificate of appealability [Dkt. No. 43] be and is DENIED; and it is further

ORDERED that petitioner's motion for leave to proceed *in forma pauperis* [Dkt. No. 45] be and is DENIED as moot.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

---

[2] It also of no consequence that ineffectiveness of state habeas counsel can be argued to overcome a defaulted claim of ineffective assistance of trial counsel when, as in Virginia, that claim must be brough in state postconviction proceedings, rather than on direct appeal. *See Davila v. Davis*, 137 S. Ct. 2058, 2062–63 (2017). Ground VII, the resolution of which Parker challenges in this Rule 59(e) motion, was a freestanding claim of ineffective assistance of state habeas counsel; it was not an argument that the Court should have reviewed on the merits a defaulted claim of ineffective assistance of trial counsel.

4

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and counsel of record for respondent.

Entered this 31st day of May, 2022.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge